Superior Court of Cincinnati.

CHARLOTTE W. KLINE v. THERESA J. WEHRMANN.

---

1. In an action on a promissory note in which the short form of statement of the cause of action allowed by statute is adopted, and in which the petition alleges that a lump sum has been paid on the note and that the interest has been paid up to date, a motion to make the petition more definite and certain will be granted.

In such an action the petition should state whether or not there are any endorsements on the back of the note. If silent on the subject, a motion to make more definite and certain will be granted.

---

Motion to make more definite and certain.

SMITH, J.

Plaintiff's first cause of action is as follows:

Plaintiff states that there is due to her said plaintiff from the defendant on a promissory note, of which the following is a copy.

"$4,423.45　　　　　Cincinnati, June 1, 1891.

"One year after date we promise to pay to the order of 'Charlotte W. Kline, Forty Four Hundred and Twenty Three and 45—100 Dollars, payable at 17 & 19 W. 5th street. Value received, with six per cent. per annum.

Signed "Wm. F. Wehrmann.

"Theresa J. Wehrmann."

the sum of $4000.00 with interest thereon from June 1, 1897; there having been paid on said note $423.45 and the interest thereon to said June 1, 1897.

Wm. F. Wehrmann died on February 10, 1898.

The second cause of action contains the same allegations as the first.

The defendant Theresa J. Wehrmann moves to require the plaintiff to make her petition more definite and certain. 1. By compelling her to state whether the $423.45 which is credited to the notes was paid at one time or at various times, and to give the date of such payment or payments. 2. By compelling her to state the various dates of the payment of interest and the amounts of such payments. 3. By compelling her to state whether there are any endorsements on the notes.

The short form of pleading on a promissory note which the pleader in this case is endeavoring to follow, is provided for in section 5086, Revised Statutes, and is as follows:

"In an action, counterclaim, or set-off, founded upon an account or upon an instrument for the unconditional payment of money only, it shall be sufficient for a party to set forth a copy of the account or instrument, with all credits and the endorsements thereon, and to state that there is due to him on such account or instrument, from the adverse party, a specified sum which he claims, with interest; and when others than the makers of a promissory note, or the acceptors of a bill of exchange are parties, it shall be necessary to state the facts which fix their liability."

The provision of the statute that all credits on the note shall be stated, assumes, of course, that the statement shall be sufficiently definite to fully advise the defendant on the subject; and a statement such as is made in the petition that a lump sum has been paid on the note, and that the interest has been paid up to a certain date is faulty in not stating whether the amounts paid were paid at one or more times, and in not stating the dates of the payments. It is quite clear therefore, that the motion to make the petition more definite in these respects is well taken.

The next objection in point of indefiniteness

is that the petition does not state whether there are any indorsements on the 'back of the note, or not. I am not entirely clear that this objection is well taken, but I am disposed to think that it is.

There does not appear to be any reported case deciding this question. Bates in his book on pleadings cites two cases to sustain the statement that it is not necessary to allege that there are no credits or endorsements on the note; and counsel for plaintiff has cited the case of Ingersoll v. Craw, 1 Clev. Rep. But in these cases the question arose on demurrer and they are not necessarily decisive of the question whether the objection by way of a motion to make more definite and certain is well taken.

In respect of the necessity of stating that there are no credits, it may, or may not, be that if the petition alleges that the face value of the note is due and interest from its date that such an allegation is in effect an allegation that there are no credits on the note. It is not necessary to express an opinion upon that question at this time.

But in respect of the endorsements on the note, the allegation that there is a certain amount due on the note, does not necessarily throw any light upon the question as to whether there are endorsements on the note or not.

If the plaintiff is not the payee of the note, it is quite clear that a motion to require the plaintiff to state whether there were endorsements on the note would be well taken; because the mere statement that the note was at the time of action payable to plaintiff would leave in doubt the fact whether the note had been transferred by delivery or endorsement.

But in the case at bar, as the payee of the note is the plaintiff, and as the law requires the plaintiff to give any endorsements on the note, and as no statement is made as to endorsements it may be claimed that the law necessarily infers that there are none. As I have previously stated, there are authorities to this effect when a demurrer is filed to the petition; but, does the same conclusion of law follow as against a motion to make more definite and certain by stating whether there are any endorsements on the note.

As against a demurrer as the petition is silent on the question and therefore equivocal, the pleader, perhaps, should be permitted to invoke the rule to his assistance that pleadings under the code are to be liberally construed in favor the pleader.

But as the pleading is equivocal on the subject, it would seem that a motion to make it unequivocal would be granted. In other words that condition of the pleading which leaves the defendant in doubt must be changed to remove the doubt, when objection is made to it by a proper motion.

Furthermore the plaintiff should not by force of a legal inference be permitted to escape verification of the fact that there are no endorsements on the note.

There are many cases in which the defendant may wish to be informed as to whether there are endorsements on the note or not, and to have the verification of plaintiff as to the fact. Thus, for instance, two notes of the same dates and amounts may be made by the defendant to the plaintiff, upon one of which a third person has endorsed his name, and upon the other there is no endorsement. It is important for the defendant to know before he files his answer which note is sued upon, and the allegation that the note has or has not an endorsement on it makes the petition definite.

I think the motion to state whether or not there are any endorsements on the note is well taken.

A. B. Benedict, for motion.
Simeon Johnson, contra.